UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIOTA SCIENTIFIC MANAGEMENT PTY LTD. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID J. KAPPOS, )<br>Under Secretary of Commerce for )<br>Intellectual Property and Director of the )<br>United States Patent and Trademark Office, )<br>)<br>Defendant. )<br>) | Civ. Act. No. 11-0944 (JEB)<br>ECF |

## JOINT STATUS REPORT

Pursuant to the Court's Order dated May 17, 2012, counsel for Plaintiff and Defendant met and conferred pursuant to LCvR 16.3 and Fed. R. Civ. P. 26(f), and the parties hereby submit the following joint report concerning the agreements reached on the matters set forth in LCvR 16.3(c).

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

There are no pending dispositive motions. It is unclear at this time whether dispositive motions will be filed, but if appropriate, summary judgment motions may be filed after the close of all discovery.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

At this time, the parties do not contemplate adding parties or amending the pleadings.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not consent to having this case assigned to a magistrate judge for all purposes.

**(4) Whether there is a realistic possibility of settling the case.**

The parties are currently engaged in informal discussions related to a possible resolution of this matter.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**
**(i) the client's goals in bringing or defending the litigation;**
**(ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement**
**(iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:**
**(aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and**
**(bb) whether ADR should take place before or after the judicial resolution of key legal issues;**
**(iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and**
**(v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

The parties agree that ADR procedures are not necessary at this time.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties contemplate that summary judgment motions will be filed after the close of all discovery. The parties propose that the deadline to file summary judgment motions be May 10, 2013; Oppositions due 30 days thereafter; and replies due 15 days after the filing of the Opposition.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties do not agree to waive Rule 26(a)(1) initial disclosures. The parties agree that initial disclosures should be exchanged on or before August 22, 2012.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties propose that discovery will be broken down into two phases for fact discovery and expert discovery, with fact discovery closing on December 14, 2012 and expert discovery closing on April 11, 2013. The parties propose that the discovery limits in the Federal Rules of Civil Procedure should apply, and that in addition, the parties be limited to no more than 25 written interrogatories and 25 requests for admission, although the parties may file for leave for additional discovery if necessary.

If it is determined that certain categories of discoverable material may be confidential, the parties will confer to submit a stipulated Protective Order for entry by the Court. Should the parties be unable to agree upon the form of a Protective Order, the parties will ask the Court to consider the views of both parties and to enter a suitable Protective Order in this matter.

**(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified. The parties agree that depositions of the experts should occur in the 30 days following submission of the expert reports.

**(10) In class actions, appropriate procedures for dealing with Rule 23, F.R.Civ.P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

N/A

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties agree that this case is not suitable for bifurcation at this time.

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties propose a pretrial conference for 30 days after the Court rules on dispositive motions or 60 days after the close of discovery, whichever comes later.

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties agree that the trial date should be set at the pretrial conference.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None.

Respectfully submitted,

/s/ *Liane A. Peterson/JMG*
LIANE M. PETERSON (D.C. Bar # 488144)
Foley & Lardner LLP
3000 K Street, NW, Suite 600
Washington, DC 20007
Phone: (202) 945-6116
Fax: (202) 672-5399
Email: lpeterson@foley.com

JEANNE M. GILLS (admitted pro hac vice)
Foley & Lardner LLP
321 North Clark Street
Suite 2800
Chicago, IL 60654
Phone: (312) 832-4500
Fax: (312) 832-4700
Email: jgills@foley.com

*Attorneys for Plaintiff, Biota Scientific Management Pty Ltd.*

RONALD C. MACHEN JR., Bar #447889
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, Bar #924092
Acting Chief, Civil Division

By: /s/ *Mercedeh Momeni*
MERCEDEH MOMENI
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
Phone: (202) 307-4851
Fax: (202) 514-8780
Email: mercedeh.momeni@usdoj.gov

*Attorneys for Defendant, Hon. David J. Kappos*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIOTA SCIENTIFIC MANAGEMENT PTY LTD. )<br>)<br>Plaintiff,            )<br>)<br>v.                   )<br>)<br>DAVID J. KAPPOS,          )<br>Under Secretary of Commerce for    )<br>Intellectual Property and Director of the  )<br>United States Patent and Trademark Office, )<br>)<br>Defendant.            )<br>)  | Civ. Act. No. 11-0944 (JEB)<br>ECF |

## [Proposed] SCHEDULING ORDER

Pursuant to LCvR 16.4, the parties hereby submit the following proposed, agreed-upon scheduling order for consideration by the Court.

1. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be exchanged on or before August 22, 2012.

2. Fact discovery shall be completed by December 14, 2012.

3. Plaintiff's Fed. R. Civ. P. 26(a)(2) report(s) will be due on January 25, 2013.

4. Defendant's Rule 26(a)(2) report(s) will be due on March 11, 2013.

5. Expert discovery, including expert depositions, shall be completed by April 11, 2013.

6. Dispositive motions shall be filed by May 10, 2013, and may not be filed any earlier than April 18, 2012. Oppositions thereto shall be filed 30 days thereafter. Replies to Oppositions shall be filed 15 days after the filing of the Opposition.

7. The pretrial conference shall be scheduled for 30 days after a decision on the dispositive motions, or 60 days after the close of expert discovery, whichever occurs later.

So ORDERED on this _____ day of _____, 2012.

_____
United States District Judge

Copies to the parties via ECF.